# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS GAMEZ-ARGULIO,<br><br>        Petitioner,<br><br>    v.<br><br>ARVIZA,<br><br>        Respondent. | Case No. 1:23-cv-00056-SAB-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br><br>(ECF No. 14) |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The parties have consented to the jurisdiction of a United States Magistrate Judge. (ECF Nos. 5, 8, 9.)

**I.**

**BACKGROUND**

On April 16, 2017, Petitioner was arrested by the San Francisco Police Department in the Northern District of California for drug trafficking and possessing, using, and carrying a loaded firearm. (ECF No. 14 at 2;[1] App. 2, 12.)[2] Subsequently, federal prosecuting authorities assessed Petitioner's April 16, 2017 conduct for possible grand jury proceedings and federal charges. (ECF No. 14 at 2.) Meanwhile, after the April 16, 2017 arrest and while on release, Petitioner committed another offense on August 22, 2017, which resulted in unrelated state charges and a ninety-two-day sentence. After completion of this sentence, Petitioner was released on October 23, 2017. (ECF No. 14 at 2; App. 2–3, 14.)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.
[2] "App." refers to the Appendix filed by Respondent on May 27, 2023. (ECF No. 14-1.) Appendix page numbers refer to the page numbers stamped at the bottom right corner.

1       On October 26, 2017, Petitioner was federally charged for his April 16, 2017 conduct in
2 the Northern District of California. More than three years later, on January 26, 2021, Petitioner
3 was arraigned on the federal charges. (ECF No. 14 at 2; App. 60–80.) During the period between
4 indictment and arraignment, Petitioner fled and then unlawfully reentered the United States via
5 an unlawful border crossing in the Southern District of Texas. (ECF No. 14 at 2; App. 3.) On
6 May 4, 2020, Petitioner was arrested by federal authorities for his unpermitted reentry. (Id.)
7 Petitioner pleaded guilty and was sentenced to twelve months in federal custody. (ECF No. 14 at
8 2; App. 3, 25–26.) After completing the twelve-month term, Petitioner was detained pursuant to
9 his Northern District of California charges. (ECF No. 14 at 2.) Petitioner was convicted of
10 conspiracy to distribute methamphetamine, two counts of distribution of methamphetamine, and
11 illegal reentry following removal. (ECF No. 14 at 2–3; App. 30–36.) Petitioner was sentenced to
12 an imprisonment term of forty-eight months and is currently serving this sentence. (ECF No. 14
13 at 3; App. 2.)

14       On January 12, 2023, Petitioner filed a federal petition for writ of habeas corpus,
15 challenging: (1) the Federal Bureau of Prisons' ("BOP") failure to properly calculate Petitioner's
16 sentence because Petitioner "did not receive one year of credit towards [his] federal sentence for
17 the time that [he] spent in a Texas jail before [he] was sentenced in the instant case; and (2) the
18 BOP's policy that unlawfully excludes inmates with immigration detainers, such as Petitioner,
19 from earning and applying their First Step Act ("FSA") Earned Time Credits ("FTCs"). (ECF
20 No. 1 at 6.) Respondent filed a motion to dismiss. (ECF No. 14.) To date, Petitioner has not filed
21 an opposition or statement of non-opposition to the motion to dismiss, and the time for doing so
22 has passed.

23                                       **II.**
24                             **DISCUSSION**

25    **A. Custody Credit**

26     Petitioner contends that the BOP incorrectly calculated his sentence by failing to give
27 him credit for the one year he spent in a Texas jail before he was sentenced in his Northern
28 District of California case. (ECF No. 1 at 6.) Respondent argues that during this disputed twelve-

month period, Petitioner was in federal custody serving his sentence for his Southern District of Texas case. (ECF No. 14 at 3.)

Section 3585 provides in pertinent part:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence*.

18 U.S.C. § 3585(b) (emphasis added). Accord Schleining v. Thomas, 642 F.3d 1242, 1245 n.2 (9th Cir. 2011) ("18 U.S.C. § 3585(b) allows the BOP to grant a federal prisoner credit for time spent in state or federal custody before imposition of his federal sentence, but only if that term of pre-sentence imprisonment '*has not been credited against another sentence.*'").

Here, the twelve months at issue were already credited against Petitioner's Southern District of Texas sentence. Therefore, 18 U.S.C. § 3585(b) precludes the BOP from crediting those twelve months against Petitioner's current Northern District of California sentence. Accordingly, Petitioner is not entitled to habeas relief on this ground.

**B. First Step Act Credit**

Petitioner alleges that he is not subject to a final order of removal and asserts that the FSA does not give the BOP discretion to preclude Petitioner from earning and applying FTCs based upon his immigration detainer. (ECF No. 1 at 6.) Respondent contends, inter alia, that this claim is moot because on February 6, 2023, the BOP "issued a policy change deleting the requirement that inmates have no detainers to have ETCs applied to their sentence." (ECF NO. 14 at 5.)

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or

be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

As a result of BOP's policy change, "federal prisoners subject to immigration detainers are no longer automatically prohibited from applying their earned time credits." Alatorre v. Derr, No. CV 22-00516 JMS-WRP, 2023 WL 2599546, at *5 (D. Haw. Mar. 22, 2023). Here, the record establishes that Petitioner "is able to earn FTCs. Since the February 6, 2023, change notice removed detainers as a disqualifying factor from applying FTCs, Petitioner may still not apply the earned FTCs because he has not shown through the periodic risk assessments either a demonstrated reduction in recidivism risk nor has he maintained a minimum or low recidivism risk during his term of imprisonment." (App. 50.)

Based on the foregoing, the Court finds that the claim is moot given that the policy challenged in the petition is no longer in place and Petitioner is not prevented from applying his earned FTCs based on his immigration detainer.[3]

### III.
### ORDER

Accordingly, the Court HEREBY ORDERS:

1. Respondent's motion to dismiss (ECF No. 14) is GRANTED;
2. The petition for writ of habeas corpus is DISMISSED; and
3. The Clerk of Court is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Dated: **September 11, 2023**

UNITED STATES MAGISTRATE JUDGE

---

[3] In light of this conclusion, the Court declines to address Respondent's other grounds for dismissal set forth in the motion to dismiss.